■ L. A. WENGER CONTRACTING CO., INC., Respondent, v. STATE UNIVERSITY CONSTRUCTION FUND, Appellant.— Appeal from an order of the Supreme Court, Albany County, denying appellant's motion, made pursuant to CPLR 3211 (subd. [a], pars. 1, 7) to dismiss respondent's complaint. In April, 1966 appellant prepared bidding and contract documents for the construction of a science building at the State University College at Fredonia. Pursuant to these documents, appellant solicited separate competitive bids for the entire project and for the laboratory furniture and equipment to be utilized in the building. The appellant selected Metalab Equipment Company (hereinafter referred to as "Metalab") as the lowest responsible bidder for the furniture and equipment and informed the respondent of this selection and Metalab's bid. Respondent thereupon made its successful bid for the general construction work on the project. The construction contract provided that the respondent, as the general contractor, was responsible for and assumed all liability for the complete performance on the project, including that of Metalab. Subsequently, Metalab allegedly did not adequately perform its contractural commitments resulting in damages being sustained by the respondent which it seeks to recover in this action. In the face of the contractual language whereby liability for Metalab's

performance was assumed and even guaranteed, respondent asserts that the appellant knew of a past history of poor performance by Metalab and in fact conducted a preaward conference with Metalab to discuss its previous performance and yet did not inform it of Metalab's prior inadequate performance record. This action by the appellant, it is urged, amounts to a concealment which renders the appellant responsible despite the contractual language to the contrary. Unquestionably the appellant was required to act in good faith in dealing with the respondent. And the contractual absolution of the respondent would not preclude the imposition of such a duty (see *Warren Bros. Co.* v. *New York State Thruway Auth.*, 34 A D 2d 97, 99). We, however, can find no basis here to impose liability on the appellant. *The appellant's duty to the respondent, as well as to itself, was to select the lowest responsible bidder* to provide the furniture and equipment. There is no assertion that appellant was guilty of any more than a mistake in retrospect in selecting Metalab as the lowest responsible bidder. The facts indicate only that a sincere attempt was made by appellant to be assured that Metalab would perform its instant contractual commitments in a proper manner. The respondent urges, however, that since appellant was so aware of Metalab's prior conduct that it held a preaward conference to discuss its prior performance, appellant was obligated to share its knowledge of such prior performance with the bidders for the general contract who would assume liability for Metalab's performance. We cannot agree with this contention. First there is no contention that an investigation of Metalab by the respondent, as the contract obligated it to do and despite an opportunity to do so prior to assuming the risks of Metalab's performance, would not have revealed Metalab's prior performance record. Moreover, even assuming that respondent was justified in relying on the appellant's selection of Metalab without any investigation of its own, we fail to see how appellant could possibly carry out the burden the respondent would cast upon it. In situations such as this, is it the appellant's obligation to reveal any and all prior performance irregularities of such contractors to the general contractors who assume responsibility for their performance on entering the general contract? And how would such information even be disseminated so that such prior irregularities could properly and fairly be evaluated? Should the appellant be expected to discredit its own selection of the lowest responsible bidder? We think not. Its duty was to select the lowest *responsible* bidder. There is no basis here to assume, except in retrospect, that it did not do so. Accordingly, the order should be reversed and the complaint dismissed. Order reversed, on the law and the facts, and motion to dismiss complaint granted, with costs. Sweeney, Kane and Reynolds, JJ., concur; Greenblott, J. P., and Simons, J., dissent and vote to affirm in the following memorandum by Greenblott J. P. Greenblott, J. P. (dissenting). Appellant, by requiring respondent to accept Metalab, the low laboratory bidder, as a subcontractor, imposed unusually stringent contractual conditions upon respondent. In our view of the case, appellant was under a duty to disclose any prior performance deficiencies of the subcontractor known to it. The documentary evidence, consisting of the minutes of a preaward meeting between representatives of Metalab and appellant, supports the allegations of the complaint. The minutes contain allegations by appellant's employees that Metalab "had failed to perform completely satisfactorily in previous State projects" and that "recent deficiencies in performance by Metalab on Fund projects * * * had caused substantial delays in the occupancy of the buildings". Where one of the contracting parties has notice that the other is acting upon

a mistaken belief as to a material fact, the silence of the party possessed of such knowledge may constitute fraud (*Bank* v. *Board of Educ. of City of N. Y.*, 305 N. Y. 119, 133–134). Appellant, by failing to disclose material facts, thus denied respondent an opportunity to make an informed choice of acceptance or refusal of the contract. We therefore vote to affirm the order of Special Term denying appellant's motion to dismiss the complaint.